UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID PERRYMAN,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, ET AL,

Defendants.

No. 2:19-cv-2517 JAM KJN P

ORDER

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

For the reasons set forth below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's Allegations

Plaintiff alleges the following. Defendants failed to provide him with adequate medical treatment in violation of the Eighth Amendment. As a child, plaintiff underwent surgery for a bunion that resulted in a major bone deformity requiring he wear orthopedic shoes. On November 6, 2019, plaintiff was transferred to California State Prison, Sacramento ("CSP-SAC"). When he retrieved his personal property, his orthopedic shoes were missing. Plaintiff is now required to wear state boots which worsen his condition. Plaintiff has put in many 7362 medical slips with no answer, and he has filed two ADA requests for medical appliance. (ECF No. 1 at 10.) Plaintiff was seen by an unidentified doctor who ordered plaintiff gauze pads and tape to

wrap plaintiff's bunion. Because he is not allowed his required medical appliance for a permanent medical condition, he has suffered major damage to his toe. Plaintiff seeks money damages.

Plaintiff names the following as defendants. The California Department of Corrections and Rehabilitation ("CDCR") because plaintiff alleges a violation of the Americans with Disabilities Act ("ADA"). Director of CDCR John Doe because he "oversees the medical department that caused plaintiff's injuries." (ECF No. 1 at 13.) Jeff Lynch, Warden of CSP-SAC, because he "oversees the medical department." (ECF No. 1 at 14.) John Doe Doctors at CSP-SAC because they deliberately refused to treat plaintiff's injuries by giving him his orthopedic shoes. (Id.) John Doe ADA Appeal Staff at CSP-SAC because it is their job to ensure ADA inmates receive their ADA devices. Plaintiff seeks, inter alia, money damages.[1]

Plaintiff refers to exhibits, but no exhibits were provided with the complaint.

Discussion

Eighth Amendment - Deliberate Indifference

Plaintiff claims that defendants were deliberately indifferent to plaintiff's serious medical needs by failing to provide him his orthopedic shoes required for his serious medical need.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

////

---

[1] Plaintiff also asks the court to "make this a group complaint affecting all inmates." (ECF No. 1 at 16.) However, plaintiff is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). Therefore, this action is not construed as a class action and instead is construed as an individual civil suit brought by plaintiff.

and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Id. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of

mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059. In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Initially, it appears from plaintiff's description that his right toe bone deformity is a serious medical condition.

Second, plaintiff's allegations against the Director of CDCR and the Warden are solely based on their responsibility for overseeing the medical department. Such defendants may not be held liable based on their supervisory roles for the actions of others, under the theory of respondeat superior. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983."). Plaintiff should not include such defendants in any amended complaint unless he can allege facts demonstrating their personal participation.

Third, plaintiff fails to allege specific facts demonstrating deliberate indifference by a particular doctor. Plaintiff claims one unidentified doctor provided gauze pads and tape to wrap plaintiff's bunion. Such allegation, standing alone, demonstrates that the doctor provided treatment, constituting a mere difference of opinion concerning medical treatment which does not rise to the level of deliberate indifference. Plaintiff also alleges that the "John Doe Doctor(s)" are being sued for "deliberately refusing to treat plaintiff's injuries by giving him his ortho shoes." (ECF No. 1 at 14.) But he does not name a particular doctor who refused to provide plaintiff orthopedic shoes. Plaintiff does not indicate whether he has a chrono for such shoes. Plaintiff states that he "has put in many 7362 medical slips with no answer and he has filed 'two' ADA

requests for medical appliance and medical health care 602 appeal[s]." (ECF No. 1 at 10.) But he does not identify a doctor who received such request, and does not identify a particular staff person to whom plaintiff submitted such unanswered appeals.[2] Such facts, if pled, would likely state a potentially cognizable Eighth Amendment claim. Thus, plaintiff is granted leave to file an amended complaint raising such Eighth Amendment claims.

Fourth, plaintiff's allegations as to the John Doe ADA appeals staff are too speculative and conclusory to state an Eighth Amendment claim. Plaintiff alleges that it is "their job to make sure ADA inmates receive their ADA devices, their refusal caused plaintiff injury." (ECF No. 1 at 14.) Plaintiff fails to identify a specific individual on the ADA appeals staff who was deliberately indifferent to plaintiff's serious medical needs, and did not include specific facts demonstrating such individual's link or connection to his specific deprivation. Rather, his claims again appear based on ADA appeals staff supervisory roles. Although it is unclear whether plaintiff can state a cognizable Eighth Amendment claim as to such staff, plaintiff is granted leave to amend should he be able to allege such facts.

Americans with Disabilities Act

Plaintiff claims that the CDCR is liable for plaintiff's injuries because he is stating an ADA claim. (ECF No. 1 at 13.)

Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a

---

[2] Subsequently, plaintiff filed a document styled, "Evidence in Support of Claim. . . ." (ECF No. 9.) Plaintiff states that he has worn orthopedic shoes all his life. Following medical testing, he received a permanent medical chrono to receive new ortho shoes every year. However, since he arrived at CSP-SAC, he "has tried consistently to get his new yearly orthopedic shoes but "they are 'still' denying the shoes." (ECF No. 9 at 4.) Plaintiff claims that the condition of his toe has worsened due to the shoe deprivation, and he may now require surgery. (ECF No. 9 at 5.) Plaintiff points out that prison staff acknowledge plaintiff's condition because they give him weekly tape and gauze to soften the effect of the state-issued boots. (Id.) Plaintiff provided a health care services request form in which he asked to "see Dr. Nrayal to be rescheduled for ortho shoes. My condition is getting worse [without] them. Severe pain." (ECF Nos. 9 at 15, 16.) Plaintiff is advised that the allegations contained in this supplemental filing, if stated in an amended complaint against an individual named as a defendant (providing his or her real name), would likely state a potentially cognizable Eighth Amendment claim.

disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to the services, programs, and activities provided to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S. Ct. 1952, 1955 (1998); Simmons v. Navajo County, 609 F.3d 1011, 1021-22 (9th Cir. 2010)[3]; Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008).

To establish a violation of the ADA, a plaintiff must show that: (1) he or she is a qualified individual with a disability; (2) he or she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his or her disability. Lovell, 303 F.3d at 1052; accord Simmons, 609 F.3d at 1021-22; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Here, plaintiff's complaint does not set forth any facts supporting a claim that he was excluded from, or discriminated against, regarding services, programs, or activities because of his disability. Plaintiff's claims arise out of the denial of his requests for orthopedic shoes, and such allegations do not provide a basis upon which to impose liability under the ADA. Simmons, 609 F.3d at 1022 (no protection for programs or activities to lessen depression) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)); Thomas v. Ogbehi, 2018 WL 3198063 (E.D. Cal. June 27, 2018) (the denial of requests for medical devices and appliances does not provide a basis for liability under the ADA). Plaintiff should not renew such ADA claims.

Eleventh Amendment

Plaintiff asserts claims against the CDCR, an agency of the State of California, based on his claim that his requests for orthopedic shoes were denied. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. "[A]bsent waiver by the

[3] Simmons was overruled on other grounds by Castro v. Los Angeles, 833 F.3d 1060 (9th Cir. 2016 (en banc).

State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985); accord Pittman v. Ore., Employment Dep't, 509 F.3d 1065, 1071 (9th Cir. 2009).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).

Based on the foregoing, plaintiff's claims against the CDCR are barred, and should not be renewed in any amended complaint.

John Doe Defendants

Plaintiff has failed to name an individual as a defendant. Rather, all of the defendants named, with the exception of the CDCR, are identified as "John Doe" defendants.

First, plaintiff does not identify each defendant doe and his or her alleged act or omission which plaintiff contends violated his constitutional rights. This is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe defendants involved. If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Second, plaintiff's use of Doe defendants is problematic, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be

added and if so, whether the claims against them would relate back to the filing of the initial complaint. Should plaintiff learn the identities of the "Doe" parties he wishes to serve, he must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Additionally, unknown persons cannot be served with process until they are identified by their real names. The court will not investigate the names and identities of unnamed defendants.[4] Plaintiff must identify at least one defendant by name so that service of process can be accomplished; then plaintiff can attempt to identify other defendants through discovery.[5] For example, in plaintiff's subsequent filing, he identified Dr. Nrayal, but it is unclear whether Dr. Nrayal is a doctor who denied plaintiff orthopedic shoes. (ECF No. 9 at 15, 16.) In his amended complaint, plaintiff should provide the name of at least one individual named as a defendant.

Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.

////

[4] In his subsequent filing, plaintiff also asks the court to issue various orders. (ECF No. 9 at 7.) However, in light of the dismissal of plaintiff's complaint, such request is premature.

[5] Where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642).

Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court understands that plaintiff has difficulty with handwriting. Thus, plaintiff should use the court's form to provide the basic facts supporting his Eighth Amendment claims. In other words, incidents where plaintiff attempted to obtain replacement orthopedic shoes and a named defendant denied such request. Plaintiff should only name as defendants those individuals specifically involved in the denial of the orthopedic shoes. Plaintiff is not required to complete section "C. Previous Lawsuits," and section "5. Administrative Remedies," and is not required to append exhibits.

////

Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within sixty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's request (ECF No. 9) is denied without prejudice.

6. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: June 2, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/perr2517.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN,<br>Plaintiff,<br>v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, ET AL,<br>Defendants. | No. 2:19-cv-2517 JAM KJN P<br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed______________.

______________ Amended Complaint

DATED:

______________________________

Plaintiff