1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID PERRYMAN,                          No.  2:19-cv-2517 JAM KJN P

12              Plaintiff,

13        v.                                  ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16              Defendants.

17

18        Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

19   Plaintiff requests that the court appoint counsel.  Plaintiff states he has a "serious hand disability

20   which has been giving him serious problems for which he will need surgery soon."  (ECF No. 19

21   at 5.)  Plaintiff claims he can no longer write well enough and will be placed on quarantine due to

22   a Covid-19 issue.  "An attorney is needed can't do due to these medical issues -- suggest the court

23   continue to look into this matter."  (ECF No. 19 at 6.)  Plaintiff appends copies of medical records

24   showing he was provided a brace for his right hand in October of 2018.  (ECF No. 19 at 8-13.)

25   Background

26        Plaintiff's complaint was dismissed on June 2, 2020.  Plaintiff has been granted two

27   extensions of time in which to file an amended complaint, which is due on or before November 6,

28   2020.

1

Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff is able to articulate his claims, and the court is able to read his handwriting. Moreover, there is no operative pleading on file;[1] thus, the court is unable to determine plaintiff's likelihood of success on the merits.  Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Extension of Time

Plaintiff provides copies of medical records; however, the medical records are from 2018. There is no indication in such records that medical staff anticipate scheduling plaintiff for surgery.  Moreover, plaintiff's request that the court "look into this matter" is unavailing.  The court is a neutral decision-maker, not an advocate for any party, and may not investigate litigant's claims.  See Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants."); Pliler v. Ford, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to pro se litigants");

---

[1]  Plaintiff's original complaint was based on a fairly straightforward claim that he was being denied orthopedic shoes in violation of the Eighth Amendment.

1   <u>Barnes v. United States</u>, 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights

2   that a represented litigant does not have).

3          However, because the undersigned denied plaintiff's motion for counsel, and in light of

4   the Covid-19 pandemic, plaintiff is granted an additional sixty days in which to file an amended

5   complaint.  As the court previously noted, plaintiff should file his amended complaint on the

6   court's form, which reduces the amount of handwriting required.  Plaintiff is cautioned that no

7   additional extensions of time will be granted absent a showing of substantial cause.

8          Accordingly, IT IS HEREBY ORDERED that:

9          1.  Plaintiff's motion for the appointment of counsel (ECF No. 19) is denied without

10   prejudice.

11          2.  Plaintiff is granted sixty days from the date of this order in which to file an amended

12   complaint that complies with the June 2, 2020 order.

13          3.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

14   complaint by a prisoner.

15   Dated:  November 2, 2020

16

17   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

3