UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN, | No. 2:19-cv-2517 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a motion requesting that he be granted permanent PLU ("priority library user") status for the duration of this action. In his motion, plaintiff alleges that court orders are necessary before he can use the law library because correctional officers are interfering with his access to the law library, despite his PLU status, in retaliation for his many lawsuits against the CDCR.

However, in the most recent order granting plaintiff more time, the court explained to plaintiff that a civil rights complaint requires facts. (ECF No. 24.) Plaintiff is not required to cite legal authorities or cases. Plaintiff's original complaint challenged his inability to obtain replacement orthopedic shoes or to obtain appropriate medical treatment for his toe, which suffers from a major bone deformity as a result of surgery he underwent as a child. Plaintiff failed to name a particular doctor or prison staff member responsible for such conduct. Such information

1

is likely available in plaintiff's medical records or central file rather than the prison law library. Also, the court previously provided plaintiff with the legal standards he must meet in order to state cognizable civil rights claims. (ECF No. 11 at 4-8.) Thus, plaintiff is only required to state the facts supporting such standards in his amended complaint, and the form complaint provided offers plaintiff a template in which to do so.

Moreover, to the extent plaintiff now intends to raise new claims, i.e. that correctional officers are retaliating against plaintiff, he must first exhaust his administrative remedies in connection with such claims.[1]

At this time, there is no operative complaint on file, and no defendant has appeared in the action.[2] Thus, plaintiff's motion is denied without prejudice to a proper showing.

---

[1] The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.§ 1997e(a). In other words, prisoners are required to exhaust the available remedies prior to filing "any action." Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006); Jones v. Bock, 549 U.S. 199, 211 (2007)). Exhaustion is mandatory regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001).

[2] In order to prevail on a motion for injunctive relief, the moving party must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).). Further, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).
    Finally, the pendency of an action does not give the court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States,

Plaintiff has been provided almost ten months in which to draft his amended complaint. Barring any statute of limitations issues, plaintiff may choose to voluntarily dismiss this action until he is able to shepherd the facts needed to file a cognizable civil rights complaint. The court is unable to continue granting plaintiff extensions of time in perpetuity.

Therefore, plaintiff is granted one final extension of time to file an amended complaint, on the court's form. Plaintiff was previously provided the form complaint, as well as a copy of the June 2, 2020 screening order. No further extensions of time will be granted absent a showing of substantial cause.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 26) is denied without prejudice; and

2. Plaintiff is granted sixty days from the date of this order in which to file an amended complaint on the court's form.

Dated: April 1, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/perr2517.plu.eot4

---

599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969.